IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DENISE HAMPTON, PLAINTIFF,

VS. CIVIL ACTION NO. 2:07CV218-P-A

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and CHARLES
H. WHITE, DEFENDANTS.

**ORDER**

This matter comes before the court upon Plaintiff's Motion to Remand to State Court [7]. After due consideration of the motion the court finds as follows, to-wit:

The plaintiff filed her Complaint in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi on or about July 5, 2007. She asserts a negligence claim against Defendant Charles H. White and a claim for uninsured motorist coverage against Defendant State Farm. The plaintiff is a resident of Mississippi. Defendant White is also a resident of Mississippi, while Defendant State Farm is a resident of Connecticut.

Defendant State Farm removed this action to federal court on November 20, 2007, citing in the Civil Cover Sheet that federal diversity jurisdiction existed. In her motion to remand, the plaintiff argues that though there is diversity of citizenship, the defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The defendants had until on or about January 4, 2008 to file a response to the plaintiff's motion to remand but, as of this date, the defendants have filed no response.

Pursuant to 28 U.S.C. § 1332, the amount in controversy requirement for diversity jurisdiction is met if the amount "exceeds the sum or value of $75,000, exclusive of interest and

1

costs." The plaintiff argues *inter alia* that the general rule in the Fifth Circuit is that where a suit is brought against several defendants asserting claims against each of them are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate. However, this argument is unavailing in this particular case given the plain language of the *ad damnum* clause in the Complaint which reads:

> Plaintiff requests this Court as follows: ... (c) that plaintiff has judgment against **defendants** for all special, general and compensatory damages recoverable by law in the amount of one hundred fifty thousand dollars ($150,000.00) on her uninsured motorists bodily injury and medical payment claims or such amounts as a jury may determine to be just and proper.

(emphasis added).

Nowhere in the Complaint does the plaintiff implicitly or explicitly limit herself to $75,000.00 or less against the non-resident defendant, State Farm. Furthermore, the language cited above indicates that although she uses the term "defendants" she is concentrating her request for damages upon State Farm given that she is seeking $150,000.00 "on her uninsured motorists bodily injury and medical payment claims."

In order for a federal court to decline jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."*De Aguilar v. Boeing Company*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 86 (*"De Aguilar II"*) (citing *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 289 (1938)). Though the defendants did not file a response to the plaintiff's motion to remand, the court concludes that from the plain language of the Complaint it does not appear to a legal certainty that the claim is really for less than the jurisdictional amount of $75,000.00.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand to State Court [7] is **DENIED**; and

(2) The stay is hereby lifted from this case and the parties are instructed to contact the U.S. Magistrate Judge by February 11, 2008 to schedule a Case Management Conference.

**SO ORDERED** this the 4th day of February, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE